Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
Email: kfl@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
JPMorgan Chase Bank, N.A.,
as acquirer of certain assets and liabilities of
Washington Mutual Bank from the Federal
Deposit Insurance Corporation, acting as receiver,
and California Reconveyance Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EASTON HARVEY, an individual, | ) |
| | ) CASE NO.   2:10-cv-01807-PMP-PAL |
| Plaintiff, | ) |
| | ) **REPLY OF DEFENDANT JPMORGAN** |
| v. | ) **CHASE BANK, N.A. AND CALIFORNIA** |
| | ) **RECONVEYANCE COMPANY TO** |
| WASHINGTON MUTUAL BANK, F.A; | ) **PLAINTIFF'S RESPONSE IN** |
| JP MORGAN CHASE BANK, N.A.; | ) **OPPOSITION TO DEFENDANTS'** |
| CALIFORNIA RECONVEYANCE | ) **MOTION TO DISMISS COMPLAINT** |
| COMPANY; EXECUTIVE TRUSTEE | ) |
| SERVICES, LLC; MERSCORP, INC., a | ) |
| Virginia Corporation; MORTGAGE | ) |
| ELECTRONIC REGISTRATION SYSTEMS, | ) |
| INC., a subsidiary of MERSCORP, Inc., a | ) |
| Delaware corporation; AND DOES I | ) |
| individuals 1 to 100, Inclusive; and ROES | ) |
| Corporations 1 to 30, Inclusive; and all other | ) |
| persons and entities unknown claiming any | ) |
| right, title, estate, lien or interest in the real | ) |

property described in the Complaint adverse to )
Plaintiff's ownership, or any cloud upon )
Plaintiff's title thereto, )
)
Defendants. )
_____ )

      Defendants JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as receiver ("Chase") and California Reconveyance Company ("CRC") (collectively "Defendants"), by and through their counsel, hereby submit their Reply to "Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Complaint" (Docket Entry 18) (the "Opposition"). This Reply is based upon and supported by the following Memorandum of Points and Authorities, the record herein, and any argument that may be presented at any hearing hereon.

      DATED this ___ day of November, 2010.

      SMITH LARSEN & WIXOM

      _____
      Kent F. Larsen, Esq.
      Nevada Bar No. 3463
      Katie M. Weber, Esq.
      Nevada Bar No. 11736
      1935 Village Center Circle
      Las Vegas, Nevada 89134
      Attorneys for Defendants
      JPMorgan Chase Bank, N.A., as acquirer of certain
      assets and liabilities of Washington Mutual Bank from the Federal
      Deposit Insurance Corporation, acting as receiver,
      and California Reconveyance Company

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE OPPOSITION FAILS TO ADDRESS ANY OF THE SUBSTANTIVE ISSUES RAISED IN THE MOTION TO DISMISS.

A review of the Opposition filed by Plaintiff on November 22, 2010 reflects that Plaintiff's Opposition has failed to address any of the substantive arguments raised in Defendants' Motion to Dismiss. Of particular import is that Plaintiff fails to address that summary judgment was entered against him by Judge Dawson in his earlier case before this Court — Case No. 2:09-CV-02025-KJD-RJJ, (entitled *Easton Harvey v. California Reconveyance Company, JPMorgan Chase Bank, National Association, et al.*). The earlier case raised certain of the claims Plaintiff has attempted to raise in this action, and Plaintiff should have raised all of his claims in that action but chose not to do so. He chose not to raise other claims, and they are therefore barred.

Additionally, LR 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion **shall** constitute a consent to the granting of the motion." (Emphasis added.) Accordingly, pursuant to LR 7-2(d), the Court should dismiss each of Plaintiff's claims for relief.

### II. THE ONLY POINTS RAISED IN THE OPPOSITION ARE INAPPOSITE TO THE ISSUES RAISED IN THE MOTION

In the second sentence of the Opposition, "Plaintiff ... makes a universal objection to each and every argument of the Defendant's Demurrer.[1]" (*See* Opposition, p. 1, ll. 22-23.) Thereafter, Plaintiff asserts four main arguments why the motion to dismiss should be denied: (1) Defendants

---

[1] On page 3 of the Opposition, Plaintiff cites to several California state court cases regarding the demurrer standard. These cases are unavailing because Defendants filed a Rule 12(b)(6) motion to dismiss, not a demurrer, and federal law governs in any event.

3

are equitably estopped from seeking dismissal of this action; (2) discovery has not yet occurred; (3) the Complaint adequately pleads facts in support of each cause of action; (4) Plaintiff has a vested interest to pursue his causes of action against Defendants. (*Id.*, pp. 2-5.) None of these arguments has any merit and Plaintiff's Complaint should be dismissed.

Plaintiff's first argument is unsustainable because, among other reasons, Defendants are entirely within their rights to file a Fed.R.Civ.P. 12(b)(6) motion at the outset of this litigation. This is particularly the case where, as here, summary judgment was entered against Plaintiff in Case No. 2:09-CV-02025-KJD-RJJ.

Plaintiff's second argument is unsustainable because one of the primary purposes of Rule 12(b)(6) motions is to enable defendants to get out of unfounded lawsuits at an early stage to avoid unnecessary litigation expenses. *See, e.g., Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993); *Port Auth. of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305 (3d Cir. 1999).

Plaintiff's third argument is wholly conclusory and must be rejected. *See Ashcroft v. Iqbal*, 192 S.Ct. 1937, 1953 (2009). The Motion to Dismiss plainly demonstrates how none of Plaintiff's claims for relief is legally or factually sustainable, and Plaintiff's conclusory assertion to the contrary must be rejected.

Finally, Plaintiff's fourth argument is unsustainable because any interest Plaintiff may have had to pursue claims against Defendants related to the subject loan was extinguished when summary judgment was granted against Plaintiff in Case No. 2:09-CV-02025-KJD-RJJ. Moreover, to the extent Plaintiff may have had the right to bring any of the claims herein, the claims are wholly unsustainable and Fed.R.Civ.P. 12(b)(6) permits dismissal of such claims on motion.

In short, none of the arguments in Plaintiff's Opposition in any way revives Plaintiff's unfounded Complaint. Accordingly, the Complaint should be dismissed with prejudice.

### III.   PLAINTIFF'S REQUEST TO AMEND HIS COMPLAINT SHOULD BE DENIED

On page 5 of the Opposition, Plaintiff requests leave to amend his Complaint in the event that the Court finds some deficiency in the Complaint. Plaintiff's request to amend should be denied.

While Fed.R.Civ.P. 15(a)(2) provides that courts may grant leave to amend when justice so requires, this does not mean that a trial judge may not, in a proper case as here, deny a motion to amend. It has long been established that denial of leave to amend is proper where the proposed amendment would be futile or is done in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (futile amendments should not be accommodated); *Loehr v. Ventura Cty. Comm. College Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984); *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim."); *Bailey v. Sullivan*, 885 F.2d 52, 59 (3d Cir. 1989) ("No purpose would be served by allowing [an] ... amendment to the complaint to add a challenge which would be dismissed.").

Plaintiff's request to amend his Complaint should be denied. As noted above, the dispositive outcome – on the merits – in Case No. 2:09-CV-02025-KJD-RJJ means that this lawsuit is barred by the doctrine of claim preclusion as this case as both relate to the same transaction and occurrences regarding the loan in issue. *See Five Star Capital Corp. v. Ruby*, 124 Nev. Adv. Op. No 88, 194 P.3d 709, 713 (Oct. 30, 2008). Moreover, the Motion to Dismiss dispels each of Plaintiff's claims

for relief and Plaintiff has not rebutted any of the arguments raised therein. Nor has he presented any argument or factual allegation to demonstrate the ability to assert a viable claim in an amended pleading. Plaintiff has not demonstrated, and cannot demonstrate, an ability to cure his meritless Complaint, and his request to amend would be futile and unnecessarily prolong this unfounded action. In short, Plaintiff's request to amend is unsupported and futile, and it should be denied. *See, e.g.*, *Foman*, 371 U.S. at 182; *Newland*, 81 F.3d at 907; *Jefferson County Sch. Dist. No. R-1*, 175 F.3d at 859; *Wisdom*, 167 F.3d at 409; *Bailey*, 885 F.2d at 59.[2]

## IV. CONCLUSION

Plaintiff's Complaint is unsustainable because it is a repeat pleading that attempts to re-litigate matters that were already considered and rejected by this Court, and is therefore barred by the doctrine of preclusion. Moreover, the Complaint fails to assert any legally cognizable claims. As a result, Plaintiff's Complaint should be dismissed with prejudice.

\   \   \

\   \   \

\   \   \

---

[2] The request to amend should also be denied because Plaintiff has not attached a copy of the proposed amended pleading, as required under Local Rule 15-1.

6

Chase and CRC further respectfully request that the Lis Pendens that Plaintiff recorded against the property that is the subject of this action be cancelled and expunged. .

DATED this 29 day of November, 2010.

SMITH LARSEN & WIXOM

*/s/ Kent F. Larsen*

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
JPMorgan Chase Bank, N.A.,
as acquirer of certain assets and liabilities of
Washington Mutual Bank from the Federal
Deposit Insurance Corporation, acting as receiver,
and California Reconveyance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of November, 2010, a true copy of the foregoing Reply of Defendant JPMorgan Chase Bank, N.A. and California Reconveyance Company to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Complaint, was served electronically via CM/ECF, or by mail, postage prepaid, to the following:

Easton Harvey
638 S. 700 W.
Orem, UT 84058-6038
eastonharvey@hotmail.com
Plaintiff in Pro Per
(Served via U.S. Mail)

*/s/ Cheryl Martinez*
An employee of Smith Larsen & Wixom

8